■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID KILMER, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered March 13, 1981, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree. Defendant was sentenced on March 13, 1981 to an indeterminate term of one to three years upon his plea of guilty, on October 1, 1980, of criminal possession of a controlled substance in the fourth degree, in full satisfaction of an indictment which charged him with criminal possession in the third degree. This plea followed the denial of defendant's motion to suppress evidence obtained from his person pursuant to a search warrant. On this appeal, defendant claims that the search warrant was issued illegally on April 22, 1980 for its lack of probable cause and that the evidence it produced should, therefore, have been suppressed. The application for the warrant was made by a New York State Police Investigator and was based upon information received from a confidential informant. Thus it was required to meet the two-pronged test of *Aguilar v Texas* (378 US 108) establishing (1) the confidential informant's veracity, and (2) the reliability of the factual basis of the informant's information and conclusions. Both criteria were met in this case and the issuance of the search warrant was proper, as found by the trial court. The reliability of the informant, as distinct from his information, was satisfactorily established by the investigator's attesting to the past instances of the informant's reliability which led to the arrest and conviction of other persons on drug-related charges and by the accuracy of the details corroborating the informant's data as personally checked by the investigator (*People v Elwell*, 50 NY2d 231, 237). The reliability of the information supplied by the informant was also sufficiently supported. In this regard, the chief concern is whether the supporting affidavit revealed probable cause to believe that defendant, upon his return from Florida on April 24, 1980, would be in possession of cocaine. Contrary to the situation in *People v Elwell* (*supra*), the investigator herein revealed that the source of his information was a direct conversation the informant had with defendant himself on April 17, 1980 at a designated time and place in which defendant is said to have told the informant that he would

be leaving on Monday (April 21) or Tuesday (April 22) (mistakenly alleged in the affidavit as February 21 and February 22) from the Albany Airport for Miami, Florida, where he would obtain a half pound of cocaine. Defendant is further alleged to have told the informant that he would leave his car at the Albany Airport while he was away. The informant described the car as a black Pontiac Firebird, Trans AM, with a New York State registration of 250-LXC. The informant told the investigator that defendant would sell the informant one ounce of the cocaine upon defendant's return. A check of the records of the New York State Motor Vehicle Department by the investigator revealed the accuracy of the information concerning defendant's vehicle. On the date of departure, April 22, 1980, at the Albany Airport, the informant identified defendant to the investigator and the investigator saw defendant board an Eastern Airlines plane bound for Miami and remain on board until takeoff. The records of that airline revealed that defendant was indeed a passenger on that flight, occupying seat 22-D. A check of the airport's parking area by the investigator disclosed the presence of defendant's autombile. The accuracy of these details as checked out by the investigator, when coupled with defendant's statements made directly to the informant as to the time and criminal purpose of his trip to Florida, provide an adequate factual basis to establish that the information supplied by the informant to the investigator was reliable (see *People v Thomas,* 78 AD2d 940). Having established both the reliability of the confidential informant and the reliability of the information that he supplied, the motion to suppress the evidence obtained pursuant to said warrant was properly denied and the judgment should be affirmed. Judgment affirmed. Sweeney, J. P., Main, Casey, Weiss and Levine, JJ., concur.